BEECROFT et al. v. NEW YORK ATHLETIC CLUB OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

1. CLUBS—LIABILITY FOR NEGLIGENCE.
    An incorporated athletic club, conducting club houses, and sustained by membership dues, is liable to its members for negligence.

2. SAME—EVIDENCE.
    In an action for death caused by negligence of the driver of a wagon belonging to an athletic club, of which deceased was a member, while he was being taken to the club house, a statement of deceased, in an affidavit made in compliance with the conditions of an accident insurance policy, that he received the injuries while being carried home, was not conclusive against the claim of plaintiff.

3. COSTS—EXTRA ALLOWANCE.
    An action for death caused by the negligence of the driver of a wagon belonging to an athletic club, while carrying deceased to a club house, was not such a difficult and extraordinary case as to authorize an extra allowance of costs.
    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 620–651.]

Appeal from Trial Term, Westchester County.

Action by William G. Beecroft and another, as executors, against the New York Athletic Club of the City of New York. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Modified.

See 81 N. Y. Supp. 1069.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Isaac N. Mills, for appellant.

Wm. S. Cogswell (Edgar C. Beecroft, on the brief), for respondents.

WOODWARD, J. The defendant maintains a clubhouse on Travers Island. Plaintiffs' testator was a member of the defendant, and was

injured while being carried in one of the defendant's wagons from the railroad station at Pelham Manor, Westchester county, to defendant's clubhouse on the island. Upon the trial of the action there was evidence which warranted the jury in finding that plaintiffs' testator had made arrangements to meet one Hunter at the clubhouse that evening on the arrival of the train at about 6 o'clock in the evening; that plaintiffs' testator arrived on such train; that the defendant's wagon was there in charge of one of its servants; and that the deceased entered the wagon, after dismissing his own conveyance which had met the train, and was being driven to the clubhouse, when the driver negligently drove the wagon against an obstruction, throwing the decedent to the ground, producing injuries from which he subsequently died. The jury returned a verdict in favor of the plaintiffs for the sum of $9,500, and this was increased, over the objection and exception of the defendant, by an extra allowance of 5 per cent. The defendant appeals from the judgment, and from the order denying a motion for a new trial upon the minutes.

It is urged upon this appeal that the defendant corporation is not such a corporation as to be liable to its members for negligence, and counsel frankly admits that he has been unable to find any authority upon this direct point, but urges it as a reason for reversal. We are of opinion that there is no ground for this contention; an athletic association, conducting clubhouses, and sustained by membership dues, not being within the reason of the rule which limits the liabilities of hospitals and other organizations organized for the purpose of performing a service which belongs to the public. It hardly seems worth while to seriously consider this question, in the absence of some principle which might properly relieve the defendant of its obligations to those whom it has injured through its negligence.

It was shown upon the trial that the plaintiffs' testator had, for the purpose of complying with the conditions of certain accident insurance policies, submitted affidavits in which it was stated that his injuries had been received while being carried to his home, and it is urged upon this appeal that these statements should have been accepted as conclusive, and that, as the deceased was not being carried to the clubhouse, the defendant owed him no duty. There was evidence going to show that the deceased was, in fact, being carried to the clubhouse, and the court charged that, if this was not the case, the plaintiffs had no right to recover, and, the jury having found in favor of the contention of the plaintiffs, we see no reason for disturbing the verdict. The decedent, as a member of the club, had a right, no doubt, to make use of the club wagon to be carried from the train, even to his own residence, if that was along the way, as it appears to have been, and he was entitled to reasonable care. But the evidence was such as to warrant the jury in finding, within the limits of the charge, that decedent was actually on his way to the club, and under such circumstances he certainly had a right to the exercise of reasonable care on the part of the defendant and its servants. The mere fact that the decedent may have made a general statement, in complying with a requirement of his accident policies, that he was injured on his way home from the station, was not inconsistent with the theory on which the case was submitted to the jury

that he was on his way to the club. He was, generally speaking, going to his home; he merely intended stopping at the club to meet a friend and was then to go to his home for dinner. The requirement of the accident policy was a statement showing the circumstances of the accident, and the question of whether the decedent was going to his home or to the club was of no material importance there, however important it might be in an action for negligence against the defendant, and it would be very remarkable if an incidental statement of this character should be allowed to control the positive evidence in support of the plaintiffs' theory of the accident and of the defendant's liability.

In view of the conclusion which we have reached upon the point last above considered, the alleged error of the court in its charge to the jury is without force, and, after an examination of the other errors alleged, we are of opinion that the case was properly submitted to the jury, upon a charge which was as favorable to the defendant as it had any right to expect, and that the verdict should not be disturbed. We are equally clear, however, that this was not such a difficult and extraordinary case as to justify an extra allowance. It was merely a negligence case, depending upon no special features.

The judgment should be modified by striking out the extra allowance, and judgment, as modified, and order should be affirmed, without costs. All concur.